## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FLORIDALIA CHAY TIGUILA,

     Petitioner,

v.                                      No. 2:26-cv-01450-DHU-GJF

MARKWAYNE MULLIN, Secretary, U.S. Department
of Homeland Security (DHS); TODD M. LYONS,
Acting Director, U.S. Immigration and Customs Enforcement
(ICE); DEREK GORDON, Acting Executive Associate
Director, Homeland Security Investigations (HSI), U.S.
Immigration and Customs Enforcement (ICE); MARCOS
CHARLES, Acting Executive Associate Director, Enforcement
and Removal Operations (ERO), U.S. Immigration and Customs
Enforcement (ICE); DAREN K. MARGOLIN, Director,
Executive Office For Immigration Review; and WARDEN,
Warden of the Otero County Processing Center,

     Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Floridalia Chay Tiguila's Petition for Writ of Habeas Corpus ("Petition"). Doc. 2. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS IN PART** the Petition, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

Petitioner is a native and citizen of Guatemala who entered the United States without inspection on or around 1998. *Id.* ¶¶ 1, 60. She resided continuously in the United States, specifically in Florida, since then. *Id.* ¶¶ 60-61.

On February 12, 2026, Petitioner was detained by local law enforcement and transferred to Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 63. She was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where she remains detained. *Id.* ¶ 66.

1

Petitioner subsequently filed the instant Petition, arguing that her detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause. *Id.* ¶¶ 72-104, 108.[1] She requests a Writ of Habeas Corpus declaring that Petitioner is not subject to detention under 8 U.S.C. § 1225(b), and that she is lawfully detained, if at all, only under 8 U.S.C. § 1226(a). *Id.* ¶ 107. She also requests an immediate bond hearing or release from detention. *Id.* ¶ 5. Petitioner also requests that the Court award her attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* ¶ 109.

Respondent's initial position was that Petitioner is an applicant for admission under 8 U.S.C. §1225(b)(2)(A) based on the plain language of that statute, but conceded that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026) and several other cases "on facts substantially similar to those currently before the Court." Doc. 8 at 2.

The INA contemplates two detention regimes for noncitizens with pending removal proceedings. The first, 8 U.S.C. § 1225, "governs the processing of noncitizens at the Nation's borders and ports of entry." *Santillan Quiroz v. Mullin*, __F.4th__, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (internal quotation marks and citation omitted). This includes noncitizens subject to expedited removal under § 1225(b)(1) and certain applicants seeking admission into the country under § 1225(b)(2). "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States." *Santillan Quiroz*, 2026 WL 1876709, at *6. Accordingly, the "only time a noncitizen can be said to be seeking admission is

---

[1] Petitioner also argues that she is a class member entitled to a bond hearing pursuant to the final judgment entered in the class action suit, *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *Id.* ¶¶ 67-71. However, because the Court grants Petitioner's Habeas Petition on her INA and Due Process claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

2

when he is seeking to enter the United States at the border." *Id.* at *7. Section 1225 mandates detention and affords no bond hearing. *Id.* at *3. (citing §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), and (b)(2)(A)).

The second, 8 U.S.C. § 1226(a), governs the detention of "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Id.* at *5. Section 1226(a) provides eligibility for bond and noncitizens detained under this Section are, therefore, entitled to an individualized bond hearing at the outset of detention. *Id.* at *3; *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018).

Following the Tenth Circuit Court of Appeals' recent decision in *Santillan Quiroz*, Respondents provided the Court with the following update:

> In light of the ruling in *Quiroz*, undersigned counsel contacted ICE's OPLA and requested that a bond hearing be scheduled. Undersigned counsel was notified by OPLA that absent an order from the District Court, OPLA cannot initiate a bond hearing for [Petitioner]. Undersigned counsel provides this update to the Court to further assist in the review of the Petition.

Doc. 12 at 1.

Here, Petitioner entered the United States without inspection in 1998 and was detained over twenty-eight (28) years later in Florida. Her detention is, therefore, governed by § 1226(a). Moreover, Respondents appear to concede that, in light of *Santillan Quiroz,* a bond hearing should be scheduled. Doc. 12 at 1. Respondents also previously conceded that the facts of this case are "substantially similar" to those in *Requejo Roman*, where this Court also found that a petitioner's detention was governed by § 1226(a). 816 F.Supp.3d at 1282. Accordingly, Petitioner is entitled to a bond hearing. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n. 13 (citing *Requejo Roman*, 816 F.Supp.3d at 1285). Moreover, Respondents' misclassification of Petitioner under § 1225(b)(2)(A) and the resultant denial of a bond hearing deprived Petitioner of her due process

3

rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman*, 826 F.Supp.3d at 1284.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Thursday, August 6, 2026, she shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for her arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*. The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Friday, August 7, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE